UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TRAVIS LAMONE BENJAMIN,
        Plaintiff,

vs.                                                              Case No.: 3:23cv04639/RV/ZCB

WAYNE DALTON SALES CENTER,
        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, commenced this case by filing a complaint on

February 28, 2023.  Along with the complaint, Plaintiff filed ten motions.  (Doc. 1).

On March 9, 2023, Plaintiff filed a First Amended Complaint.  (Doc. 15).  On March

10, 2023, the Court granted Plaintiff leave to proceed *in forma pauperis*.  (Doc. 17).

Before undertaking its duty to screen Plaintiff's first amended complaint under 28

U.S.C. § 1915(e)(2)(B) (governing *in forma pauperis* actions), the Court addressed

eight of the motions Plaintiff filed with his initial complaint.  (Doc. 18).  Presently

before the Court are Plaintiff's remaining two motions—one for a preliminary

injunction and the other for summary judgment.  (Docs. 9, 13, 15).  For the reasons

below, both motions should be denied.

1

## I.    Motion for Preliminary Injunction (Doc. 9)

Plaintiff has filed a motion for a preliminary injunction, and he has also sought such relief in his first amended complaint. (Doc. 9; Doc. 15 at 6). In his motion, Plaintiff makes a "request for available revenue, currency and property to become accessible to, [Plaintiff], only." (Doc. 9 at 2). He further states that "[d]ue to irreparable harm currently suffering hardship for hindered finances, medical care and communications denial of property violates 18 U.S. Code § 241, 18 U.S. Code § 242 and 10th amendment to the United States Constitution." (Doc. 9 at 2). And he states that a "[v]ehicle of choice within budget is a trackable item that will not be sold for a profit." (*Id.*). The motion also asserts that Plaintiff "will accept seized vehicle, service vehicle, or undercover law enforcement vehicle of choice by litigant." (*Id.*).

A preliminary injunction preserves the status quo between the parties until the merits of the case can be reviewed. *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990). It is "an extraordinary and drastic remedy." *Wreal, LLC v. Amazon.com*, 840 F.3d 1244, 1248-49 (11th Cir. 2016). A court, in its discretion, may grant a request for a preliminary injunction when there is: (1) a substantial likelihood the moving party will prevail on the case's merits; (2) a substantial threat of irreparable injury if the injunction is denied; (3) a

greater threat to the moving party than the potential harm the injunction may cause

the defendant; and (4) no impairment of the public interest by granting the

injunction. *Davidoff & Cie, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1300 (11th Cir.

2001). The moving party has the burden to establish all four prerequisites. *Siegel

v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). If the moving party fails to show

a substantial likelihood of success on the merits, then a court need not consider the

other requirements.

Looking to the current case, Plaintiff's first amended complaint (Doc. 15) fails

to establish a substantial likelihood of success on the merits. In the first amended

complaint, Plaintiff's brief statement of facts section states Plaintiff is "[s]uffering

harm due to possible investigation due to 'hear say' hold on financial resources, and

ability to do as pleased." (Doc. 15 at 4). Plaintiff alleges a claim under the Tenth

Amendment and seeks monetary damages for this "harm." (*Id.* at 5). Plaintiff's

statement of facts is vague, brief, and nonsensical. Further, the Tenth Amendment

reserves powers that are not delegated to the United States to the states. U.S. Const.

amend. X. "[A]n individual has prudential standing under the Tenth Amendment to

'assert injury from governmental action taken in excess of the authority that

federalism defines.'" *Louis v. Seaboard Marine Ltd., Inc.*, No. 10-22719, 2012 WL

13071837, at *23 (S.D. Fla. Jan. 27, 2012) (quoting *Bond v. United States*, 564 U.S.

3

211, 220 (2011)) (dismissing a *pro se* case for failure to state a Tenth Amendment claim when the plaintiff did not contend "that any governmental action [was] taken" in excessive of "the limits of federalism"); *see also Padgett v. Florida*, No. 8:22cv1330, 2022 WL 4226935, at *4 (M.D. Fla. Aug. 23, 2022) (determining a *pro se* plaintiff failed to state a Tenth Amendment claim when the plaintiff's "factual allegations d[id] not specify any rights protected by the Tenth Amendment").

Plaintiff's first amended complaint does "not raise[] any issues regarding the illegality of any law, nor has [] Plaintiff contended that any governmental action taken exceeds the limits of federalism." *See Louis*, 2012 WL 13071837, at *23. Plaintiff merely mentions a "possible investigation" by an unknown party and a "hold on financial resources." (Doc. 15 at 4). Plaintiff has alleged no government action, much less one that allegedly exceeds the limits of federalism. Plaintiff's first amended complaint clearly fails to state a claim for relief. Accordingly, Plaintiff is unlikely to succeed on the merits of his case. *See Padgett*, 2022 WL 4226935, at *4. The Court need not analyze the remaining requirements for a preliminary injunction because Plaintiff has not shown a substantial likelihood of success on the merits. Plaintiff's motion for a preliminary injunction (Doc. 9) should be denied.

4

## II.     Motion for Summary Judgment (Doc. 13)

Plaintiff's motion for summary judgment provides no basis for granting such relief and should be denied.  Plaintiff filed this case on February 28, 2023.  That same day, Plaintiff moved for summary judgment.  (Doc. 13).  This litigation is in its infancy.   Service has not occurred.  No answer has been filed.  Discovery has not started.  Thus, Plaintiff's motion for summary judgment is premature.  *See, e.g., Shockey v. Allen*, No. 6:19-cv-87, 2021 WL 1680211, at *1 (S.D. Ga. Apr. 5, 2021) (denying motion for summary judgment as premature where it was filed before service and discovery); *Ferguson v. DeStefano*, No. 10-80285, 2010 U.S. Dist. LEXIS 122969, at *4 (S.D. Fla. Sept. 2, 2010) (holding a motion for summary judgment was premature when it was filed before the defendant had an opportunity to complete discovery).  If this case reaches the summary judgment stage, then the Court will provide Plaintiff with a deadline for filing a motion for summary judgment.

## III.    Conclusion

Accordingly, it is respectfully **RECOMMENDED that** Plaintiff's motion for a preliminary injunction (Doc. 9) and motion for summary judgment (Doc. 13) be **DENIED without prejudice**.

At Pensacola, Florida, this 13th day of March 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**