UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TRAVIS LAMONE BENJAMIN,
    Plaintiff,

vs.	Case No. 3:23cv04639/TKW/ZCB

WAYNE DALTON SALES CENTER,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights action against Defendant. (Doc. 1, 17). Presently before the Court is Plaintiff's Second Amended Complaint. (Doc. 22).[1] The Court is required by 28 U.S.C. § 1915(e)(2)(B) to screen Plaintiff's Second Amended Complaint to determine if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. Having reviewed the Second Amended Complaint, it fails to state a claim on which relief may be granted. The undersigned, therefore, recommends that this matter be dismissed.

---

[1] The Court has already provided Plaintiff with an opportunity to amend (Doc. 20) after pointing out deficiencies in a prior pleading. *See generally Woodroffe v. Fla. Dep't of Fin. Servs.*, 774 F. App'x 553, 554 (11th Cir. 2019) (explaining that a district court should provide a *pro se* plaintiff "at least one opportunity to amend before the court dismisses" an action for failure to state a claim).

1

## I. Background

Plaintiff names a single Defendant, Wayne Dalton Sales Center. (Doc. 22 at 3). Plaintiff's statement of facts is vague and difficult to follow. It appears Plaintiff complains of some sort of "[p]ossible investigation" that occurred while Plaintiff was employed by Defendant, which "violate[d] the 14 amendment." (*Id.* at 4-5). Plaintiff mentions "[s]uffering harm due to tracking of finances. Permissive joinder: employer (working for) around 3/25/14 – 2/25/15. Rule "Hearsay" Review all documents before deciding preliminary injunction and final judgment." (*Id.*). Plaintiff continues by stating he was "denied workers compensation caused (sic) hindered finances which caused suffering being (sic) a burden by not being financially stable violating a right to liberty and a right to own property." (*Id.* at 5). Plaintiff then cites what appears to be his workers' "compensation case" from 2021. (*Id.*). Plaintiff also states that "[a]ccured (sic) revenue from the attorney general is not available in accordance to (sic) [F]lorida statute 760.51, value of [Plaintiff's] personal property depleted" and that "[d]ocuments pertaining to case once electronically filed could be receiving interference which is stopping litigation due to a violation of privacy. 'Hearsay' is admissible in accordance to Rule 803(2) and rule 801(b),(c)(1), federal rules of evidence." (*Id.*). Plaintiff claims the stated facts

violated the Tenth and Fourteenth Amendments of the U.S. Constitution, and he seeks an unspecified amount of damages. (*Id.* at 6).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III. Discussion

**A. Plaintiff's Second Amended Complaint fails to plausibly allege a claim for relief under the Tenth Amendment.**

The Tenth Amendment reserves to the states or the people all powers that are not delegated to the United States in the Constitution. U.S. Const. amend. X. An individual may assert a Tenth Amendment violation if he asserts "injury from **governmental action** taken in excess of the authority that federalism defines." *Bond v. United States*, 564 U.S. 211, 220 (2011) (emphasis added).

Here, Plaintiff does not allege any governmental action that exceeded the limits of federalism embodied in the Tenth Amendment. Instead, Plaintiff is complaining about actions taken by a private party—Wayne Dalton Sales Center—as opposed to a government actor. And there is nothing in the complaint explaining how Defendant Wayne Dalton Sales Center's alleged actions exceeded the limits of federalism. The Second Amended Complaint, therefore, is subject to dismissal for failure to state a claim for relief under the Tenth Amendment. *See Louis v. Seaboard Marine Ltd., Inc.*, No. 10-22719, 2012 WL 13071837, at *23 (S.D. Fla. Jan. 27, 2012) (dismissing a *pro se* case for failure to state a Tenth Amendment claim when

4

the plaintiff did not contend "that any governmental action [was] taken" in excess of "the limits of federalism"); *see also Padgett v. Florida*, No. 8:22cv1330, 2022 WL 4226935, at *4 (M.D. Fla. Aug. 23, 2022) (determining a *pro se* plaintiff failed to state a Tenth Amendment claim when the plaintiff's "factual allegations d[id] not specify any rights protected by the Tenth Amendment"); *Robinson v. Pilgram*, 20-cv-2965, 2021 WL 5987016, at *8 (D.D.C. Dec. 17, 2021) (finding that plaintiff failed to state a Tenth Amendment claim where he did not allege "governmental action taken [that] exceed[ed] the limits of federalism").

### B. Plaintiff's Second Amended Complaint fails to state a claim for relief under the Fourteenth Amendment.

The Fourteenth Amendment prevents a state from depriving a person of "life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1. It also prohibits a state from denying "to any person within its jurisdiction the equal protection of the laws." *Id*. Claims under the Fourteenth Amendment may only be brought against state actors. *Madry v. Sorel*, 558 F.2d 303, 304 (5th Cir. 1977). A private party may only be sued for violating the Fourteenth Amendment in the rare situation where the "private party acting either jointly with or through state officials becomes so allied with the state as to characterize the party as a state actor for purposes of the Fourteenth Amendment." *Cobb v. Ga. Power Co.*, 757 F.2d 1248,

5

1250 (11th Cir. 1985) (cleaned up). To conclude that a private party should be treated as a state actor, the Court must find that one of the following circumstances is present:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (cleaned up).

Here, Plaintiff has sued a private entity, and the Second Amended Complaint fails to plausibly allege that any of the three circumstances set forth above are present. There is simply nothing in the Second Amended Complaint that would support a finding that Defendant Wayne Dalton Sales Center (a garage door company) qualifies as a state actor for purposes of the Fourteenth Amendment. As such, Plaintiff's Second Amended Complaint is subject to dismissal because it fails to state a plausible Fourteenth Amendment claim. *See Crooked Creek Props., Inc. v. Hutchinson*, 432 F. App'x 948, 949 (11th Cir. 2011) (affirming dismissal of Fourteenth Amendment due process claim because there was no state action); *see also Gibson v. York*, 569 F. App'x 810, 814 (11th Cir. 2014) (explaining that

dismissal of a Fourteenth Amendment claim was warranted because the plaintiff "fail[ed] to establish or even allege that [the defendant's] actions . . . constituted 'state action' that could potentially violate the Fourteenth Amendment").[2]

## IV.  Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's action be **DISMISSED** without prejudice for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 14th day of April 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate**

---

[2] Plaintiff's Second Amended Complaint also vaguely references without elaboration "the right to security and liberty, right to privacy, freedom of conscience, right to a fair trial, right to equal treatment under the law, right to life, right to liberty." (Doc. 22 at 6).  To the extent those rights are provided by the Constitution, they similarly limit only government action.  And, as explained above, Defendant is not a government actor.

7

**judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**